GRANT, J.
The plaintiff in error was arrested, tried, convicted and sentenced in the court below for a violation of Sec. 12940 G. C,, which provides as follows:
“Whoever, being the proprietor or his employee, keeper or manager of an inn, restaurant, eating-house, barber shop, public conveyances by land or water, theater or other place of public accommodation and amusement, denies to a citizen, except for reasons applicable to all citizens and regardless of color or race, the full enjoyment of the accommodations, advantages, facilities or privileges thereof, shall be fined.”
This statute embodies the criminal part of that portion of *511 the legislation of Ohio once known as the civil rights act. Its policy and purpose are well known and the courts have consistently administered it in the spirit of its adoption and intent, which was to prevent discrimination in public enjoyments and privileges, based on favoritism of race, color or other adventitious differences among those entitled to be served.
We have examined the bill of exceptions taken at the trial and find from it that the accused kept a place which is properly designated in the affidavit as a place of public amusement known as a dance hall. To its privileges and advantages he customarily admitted those who applied for admission and who paid his price, except in case of those whom he debarred if they did not pass an examination made by him and the test of which may fairly be concluded, was based on the line of race. When several citizens offered their money, he inquired if they were Jewish. If they said they were, he refused'them admission but told them to come some other day. He did not inquire for the race or nationality of others, but seems to have admitted them without test.
It does not concern us at all to inquire what the purpose or motive of the accused was in thus limiting his line of inquiry and exclusions to patrons of Semetie extraction, whether to favor the prejudices of a more favored set of customers, or on other grounds. Certain it is, in our estimation, that his place was one of public accommodation within the purpose and terms of the statute in question, and that he denied its privileges to men of one race but gave them to those of other races, if they asked for them and had the money required for their use and enjoyment.
Such being the conclusion of fact which the evidence tended to establish, the judgment of conviction is supported by it and is not contrary to it.
As to the specific assignments of error made in the brief, we are satisfied that the affidavit upon which the accused was prosecuted and his conviction had was sufficient in law and not defective in any material point.
The motion to strike testimony from the record was properly refused, and the trial court did not err to the prejudice of the accused in admitting evidence over his objection. The motion *512 in arrest of judgment and for a new trial'were severally properly overruled.
The most persistent race of which recorded history gives any account, has overcome too many obstacles to be defeated of a right secured to it by statute by any of the excuses offered by the dancing master in this record.